---

Records v. Tape Corp.

---

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd and Harold N. Bynum; and Cecil M. Curtis, for plaintiff appellees.*

*Mraz, Aycock, Casstevens & Davis, by Gary A. Davis; Levine, Goodman & Murchison, by Alton G. Murchison,.III; and Richards, Shefte & Pinckney, by Francis M. Pinckney, for defendant appellants.*

BALEY, Judge.

For the reasons set out in *United Artists Records, Inc. v. Eastern Tape Corporation, supra,* the order of the trial court awarding summary judgment against the corporate defendants and the individual defendant, J. H. Pettus, is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.

---

CAPITOL RECORDS, INC. v. EASTERN TAPE CORPORATION, G & G SALES, INC., SUPER HITS, INC. AND J. H. PETTUS

No. 7326SC361

(Filed 22 August 1973)

APPEAL by defendants from *Snepp, Resident Superior Court Judge* of MECKLENBURG County, from judgment entered in Chambers 24 October 1972.

Upon motion of all parties and pursuant to order of this Court entered 29 May 1973, this case was heard in conjunction with *United Artists Records, Inc. v. Eastern Tape Corporation, G & G Sales, Inc., Super Hits, Inc.,* and *J. H. Pettus,* decided this date, 19 N.C. App. 207, 198 S.E. 2d 452. Consolidated briefs were filed by the parties as it was conceded that the issues involved are identical.

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd and Harold N. Bynum; and Cecil M. Curtis, for plaintiff appellees.*

*Mraz, Aycock, Casstevens & Davis, by Gary A. Davis; Levine, Goodman & Murchison, by Alton G. Murchison, III; and Richards, Shefte & Pinckney, by Francis M. Pinckney, for defendant appellants.*

BALEY, Judge.

For the reasons set out in *United Artists Records, Inc. v. Eastern Tape Corporation, supra,* the order of the trial court awarding summary judgment against the corporate defendants and the individual defendant, J. H. Pettus, is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.

---

MARIE C. CHILDERS v. DWAIN A. CHILDERS

No. 7325DC430

(Filed 22 August 1973)

1. **Courts § 21; Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — governing law**
    Under the Uniform Reciprocal Enforcement of Support Act, the law of the state where the obligor is found governs.

2. **Divorce and Alimony § 23— no finding of changed circumstances — increase in support error**
    Trial court erred in ordering an increase in the amount of child support due from respondent in the absence of any evidence and finding of any change in circumstances.

3. **Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — no statutory offense created**
    No statutory offense is created by the Uniform Reciprocal Enforcement of Support Act, and the trial court erred in finding respondent guilty as charged of inadequate support under the Act and in sentencing him to six months in jail, suspended on the payment of costs and $150 per month child support.

APPEAL by respondent from *Matheson, Judge,* 13 February 1973 Session of CATAWBA County District Court.

This action was instituted in the District Court of Catawba County on 29 January 1973 under the Uniform Reciprocal Enforcement of Support Act, G.S. Chap. 52A, upon receipt of a transmittal letter from the District Attorney of Muscogee County, Georgia, accompanied by the following petition: